NO. 12-08-00402-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


TIMOTHY LEE MULLINS,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


PER CURIAM


 Timothy Lee Mullins appeals his conviction for murder. Appellant's counsel has filed a brief
asserting compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493
(1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss Appellant's
appeal.


Background

 Appellant was charged by indictment with murder. He pleaded not guilty, and a jury trial was
held. The evidence at trial showed that Appellant shot his companion, Susie Strong, four times as
she sat in a recliner in their home. He then shot himself by pointing a pistol under his chin and
pulling the trigger. The bullet passed through the front part of Appellant's head. Strong died from
her injuries, but Appellant survived. Prior to trial, Appellant told the police that he shot Strong
because she was very ill and he could not cope with her alcoholism. The trial court instructed the
jury to consider whether Appellant was guilty of the charged offense of murder or the lesser included
offense of manslaughter or criminally negligent homicide. The jury convicted Appellant of murder. 
Appellant pleaded true to a sentencing enhancement alleging that he had a prior conviction for
unlawful possession of a firearm by a felon. The jury assessed punishment at imprisonment for life. 
This appeal followed. 


Analysis Pursuant to Anders v. California 


 Appellant's counsel has filed a brief in compliance with Anders and Gainous. Counsel states
that he has diligently reviewed the appellate record and that he is well acquainted with the facts of
this case. In compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of
the case and further states that counsel is unable to present any arguable issues for appeal. We have
considered counsel's brief and have conducted our own independent review of the record. See
Anders, 386 U.S. at 745, 87 S. Ct. at 1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988). We have found no reversible error. (1) See Bledsoe v. State, 178
S.W.3d 824, 826-27 (Tex. Crim. App. 2005).


Conclusion


 As required, Appellant's counsel has moved for leave to withdraw. See In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that this appeal is wholly
frivolous. Accordingly, his motion for leave to withdraw is hereby granted, and we dismiss this
appeal. See In re Schulman, 252 S.W.3d at 408-09 ("After the completion of these four steps, the
court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to
withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for
appeal.").

 Counsel has a duty, within five days of the date of this opinion, to send a copy of the opinion
and judgment to Appellant and advise him of his right to file a petition for discretionary review. See
Tex. R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. Should Appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney
to file a petition for discretionary review or he must file a pro se petition for discretionary review. 
See In re Schulman, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed
within thirty days following the date of this opinion or the date the last timely motion for rehearing
is overruled by this court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be
filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along
with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

Opinion delivered August 19, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.













(DO NOT PUBLISH)
1. We note that Appellant's trial counsel filed a notice of intent to raise an insanity defense and requested
that disinterested experts be appointed to examine Appellant. The trial court ordered a psychiatric examination to
determine whether Appellant was competent to stand trial, but did not order an evaluation of whether Appellant was
sane at the time he shot Strong and himself. The written evaluation of Appellant's competency, in which the expert
concludes that Appellant is competent, includes information about Appellant's past psychiatric history including that
he had previously tried to commit suicide and that he was found not guilty by reason of insanity for an unspecified
offense in 2002. Trial counsel did not pursue an insanity defense in this case, and there is no evaluation of
Appellant's sanity at the time of the offense in the record. Because there is no evidence as to counsel's strategy or
Appellant's sanity at the time of the offense, we cannot conclude that there are plausible grounds for a direct appeal
related to this issue. See, e.g., Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (record on direct
appeal insufficient to show extent of trial counsel's investigation of insanity issue).